## Seth N. Clement and others v. David O. Everest and others.

*Bill to restrain collection of taxes: Legal taxes: Excess.* Where a bill to restrain the collection of taxes shows precisely the amount of the excess of the taxes which is claimed to be illegal, and only asks to have the collection of such excess restrained, the objection that it does not offer to pay the amount of taxes legally chargeable, is without force.

*School inspectors: Appeals: Bond: Approval.* Under the statute (*Comp. L.,* §§ 3734-5) providing for appeals from the board of school inspectors to the township board, the approval of the appeal bond is essential to complete an appeal; and the fact that the bond was presented to the clerk of the board of inspectors, who refused to approve it because it was not witnessed, even though the objection be a frivolous one, made in bad faith and for vexation, will not render the bond sufficient without an approval, since, under the statute, it may be approved also by any justice of the peace of the township.

*School inspectors: Changing school districts: Interested tribunals.* The validity of the action of school inspectors in changing the boundaries of school districts, is not affected by the fact that the inspectors were interested parties as tax-payers and residents: the disabling doctrine has no application to those administrative acts which are public, and not with or between private parties.

CLEMENT v. EVEREST.

School inspectors: Creating or changing school districts: Collateral attack. The regularity of the action of school inspectors in creating or changing school districts will not be inquired into in a collateral proceeding: their action is the exercise of a public discretionary power, which can only be reviewed, if at all, by some direct appellate process authorized by law and operating upon the proceedings themselves to affirm, reverse or change them.

Corporations de facto. The same rule which recognizes the rights of officers de facto applies to corporations de facto.

*Heard January 13 and 14. Decided January 27.*

Appeal in Chancery from Van Buren Circuit.

*Alfred J. Mills* and *Arthur Brown,* for complainants.

*Severens & Boudeman,* for defendants.

CAMPBELL, J.

The bill in this cause was filed to restrain the collection of school taxes against the lands of complainants, levied on behalf of school district number three, in Pine Grove, on the ground that the township board of school inspectors had detached the lands in question from that district, and restored them to district number two, to which they had belonged before district number three was organized.

Defendants resist the bill on two grounds: *First,* that the action of the township board was illegal; and *second,* that it was suspended by appeal proceedings. A third objection was made, that the bill does not offer to pay the amount of taxes which would have been legally chargeable on behalf of district number two. But as the bill shows precisely the amount of the excess, and only asks to have that restrained, the objection is without force.

The proceedings to appeal under the provisions relied on upon both sides are required by the statute to be taken in sixty days. A bond is required to be filed, signed by one appellant with two sufficient sureties, "to be approved by the clerk of said board or boards of school inspectors, or by any justice of the peace of the township."—*Comp. L.,* §§ 3734-5. A bond was drawn up in due form and presented to the clerk, who, it is claimed, refused to approve it because

it was not witnessed. It is now claimed that this was a frivolous objection, made in bad faith and for vexation, and that the bond must be regarded as sufficient.

The statute is positive in requiring the bond to be approved, and we do not see how it can be dispensed with. If the clerk were the only person authorized to approve it, there would certainly be great hardship in subjecting parties to his caprices, but whether courts could remedy the mischief is another question which we need not discuss. The appellants could have gone before any justice of the peace, and could not, therefore, have been damnified by the clerk's conduct. The appeal was not complete, and did not affect the proceeding, whether the action was appealable or not.

Two reasons are given for holding the change of districts void: *First*, that the inspectors were interested; and *second*, that they acted without proper notice.

There are some cases where the action of interested parties is forbidden by the principles of law. Public officers connot contract with themselves as individuals, and cannot act judicially upon their own interests. They cannot usually occupy two conflicting relations.

But the interest which these officers had was that of tax-payers and residents, and the business they were engaged in was the public administrative business of their districts and township, in which no man could be found who was not interested in a similar way.

The degree of interest is not regarded in cases of disability. Any tangible interest prevails. If interest could prevent men from performing these local duties, they could not be performed at all. The policy of a republican government places all local interests in the hands of the electors most deeply concerned, and requires them to choose interested agents and representatives. The disabling doctrine has no application, and can have none, to those administrative acts which are public, and not with or between private parties. Such action is the action of the public, for itself and on its own behalf, and there are in law no con-

flicting interests which can be recognized as belonging to the individual representatives in the official body. We think this objection is unfounded.

. We have referred to this point because it was very strenuously argued, and claimed to result from decisions heretofore made in certain cases involving interested action.— *Stockwell v. Township of White Lake, 22 Mich., 341; Peninsular R. W. Co. v. Howard, 20 Mich. R., 18.* But we think there is an insuperable obstacle in the way of allowing any such objections. The board of inspectors act in the exercise of a public discretionary power in creating or changing districts, which can only be reviewed, if at all, by some direct appellate process which operates upon the proceedings themselves to affirm, reverse or change them. The subject is within their jurisdiction, and whether they have complied or not with all the directions of the statutes, that question cannot be examined collaterally. The present suit is not calculated to operate as an appeal, and it is not brought by the public, or by any one authorized to seek a review in this form, inasmuch as this is not a suitable form, and is not appointed for that purpose. The attack comes from the defense, and not from the complaining party. Such a bill could not, by whomsoever filed, operate directly to affirm or annul the corporate action. If different suits were brought it might easily happen that the results would differ in the two, and the question could never be settled.

It would be dangerous and wrong to permit the existence of municipalities to depend on the result of private litigation. Irregularities are common and unavoidable in the organization of such bodies; and both law and policy require that they shall not be disturbed except by some direct process authorized by law, and then only for very grave reasons.

The policy of our law is to place the whole work of local administration in the hands of the people of the locality, and it cannot be expected that town officers will be

always able to conform their actions to the strict rules of technical accuracy. In such matters as concern the public, and do not interfere with private property or liberty, such action as creates municipal bodies and gives them corporate existence cannot be questioned without creating serious disturbance. If the regularity of their organization can be kept open to question indefinitely, no one could ever be sure that any of the taxes or other matters concerning his town were valid, and the whole public business might be blocked by litigation. There are some matters affecting private rights which are scrutinized strictly, because no one can be deprived of private rights without conformity to law. Where one man's property is taken for public purposes without his consent, the taking must be justified by regular action. But where the organization of a local corporation, as a town or district, is left to the will of any particular body of electors or officers, and they proceed to execute their powers and complete the organization, their executed will ought to stand if there has been a substantial compliance with the policy of the law giving them jurisdiction. Every presumption is to be made in favor of the regularity of such action; and where there is a valid law, and an organization under it which proceeds from the lawful agencies, it should be regarded as entitled to legal standing, unless measures are speedily taken to assail such action by some competent authority. Where an appeal is granted, it must be lawfully prosecuted. Where there is no appeal, the courts will never enlarge their remedies to interfere, where they can avoid it, with existing corporate bodies provided for by law, on any formal ground. The same rule which recognizes the rights of officers *de facto* recognizes corporations *de facto*, and this is necessary for public and private security. There are probably few towns or school districts where there has not been some looseness in proceedings to organize them. Such carelessness seldom leads to serious mischief, and where it does there are usually sufficient remedies without needless intermeddling. But the convenience and security of the

vicinage cannot be left exposed to disturbance by every one who chooses to begin a law suit.

The district must be held legally changed.    The decree below must be reversed, with costs of both courts, and a perpetual injunction awarded.

GRAVES, CH. J., and COOLEY, J., concurred.

CHRISTIANCY, J., did not sit in this case.