## LOUIE J. VOSS, *et al.,* v. UNION SCHOOL DISTRICT No. 11, *et al.*

1. INJUNCTION; PARTY; *When School-District is Necessary Party.* Where an action is commenced against the county treasurer and sheriff, to enjoin a school-district tax, it is not error for the court to allow the school-district to be joined as a co-defendant.

2. SCHOOL-DISTRICT; *Organization, When Not to be Questioned.* Where an attempt was made in 1871 to organize a certain school-district, and such district afterward became a school-district *de facto,* being recognized as a valid organization not only by the people of the district, but also by the county superintendent of public instruction, and by other county officers, and by the people generally, and has elected officers, received public school money, built a school-house, and maintained schools up to the commencement of this action in 1875, the question, whether the original organization of the district was legal and valid, cannot be inquired into in an action to enjoin a tax levied in 1874 by and for such school-district.

### *Error from Crawford District Court.*

INJUNCTION, brought by Louie J. Voss, James A. Hales, C. W. Whitson, W. H. McGuire, J. W. Woodcock, Peter Patee, H. B. Smith, F. D. Matthias, R. M. Ross, Wm. W. Smith, W. Jett and Samuel Evans, as plaintiffs, against E. W. Majors, as treasurer of Crawford county, and S. R. Greenwood as sheriff of said county, defendants. The plaintiffs

alleged that they were "citizens and taxpayers in the county of Crawford, and holders and owners of both real and personal property subject to taxation in 'School District No. 71' in said county, and are chargeable with and liable to pay legally-assessed school-taxes against them in said school district No. 71, and are willing so to do," but they alleged that certain taxes assessed and levied as school-district taxes on their said property as being in "Union School District No. 11," were illegal and void — and they prayed that said sheriff and treasurer be restrained and enjoined from collecting such taxes. A temporary injunction was granted. Afterward, said "*Union School District No. 11*," a joint school-district of Crawford, Labette, and Neosho counties, applied to the court to be made a co-defendant. The application was granted over the plaintiffs' objections and said *Union School District* filed an answer, and plaintiffs replied. The treasurer and sheriff made no defense. The action was tried at the April Term 1876 upon the issues joined between the plaintiffs and *Union School District No. 11*. The facts, as shown by the findings of the court, and the testimony, are these: In March 1870, School District No. 71, of Crawford county, was duly organized, comprising sections 35 and 36 in T. 30, R. 21, section 1, and the east-half of section 2, in T. 31, R. 21, the west-half of section 31 in T. 30, R. 22, and the west-half of section 6 in T. 31, R. 22; in March 1871, the county superintendents of the counties of Crawford, Labette and Neosho met and formed a Union School District, comprising two sections of land lying in Neosho county, two sections and-a-half in Labette county, and all the territory in Crawford county, designated above as comprising school-district No. 71, except the west-half of section 31, T. 30, R. 22, and the west-half of section 6, T. 31, R. 22. The county superintendent of Crawford county was called as a witness, and produced the records pertaining to his office. Such records showed the proper organization of "District No. 71" in March 1870. The first entry in said records respecting *Union School District No. 11*, is dated "September 22d 1874," and was made

by the then county superintendent, reciting that "a certified statement pertaining to Union School District No. 11, Crawford, Labette, and Neosho counties," was that day received and filed. This entry correctly describes the territory, but does not give the date when such district was formed; and the superintendent did not produce the "certified statement," but testified that there was no record in his office tending to show the organization of "District No. 11," except the above-mentioned entry made by his predecessor, of date 22d September 1874. Respecting this district No. 11, the district court found that —

"Said county superintendents made a plat of such union school district, and a certificate of their action, in a district-school record-book, which certificate was signed and fully concurred in by the county superintendent of Crawford county; that thereafter notices were given, and a meeting held, and officers for such school-district elected and qualified, and the machinery of the district put into operation; that from such time to the present, such district No. 11 has done that which it was competent for school districts to do, voting bonds, and building a valuable school building, employing teachers, maintaining school, etc.; that no effort has been made by the superintendents of the said counties to break up or change said school district No. 11 since the organization thereof in March 1871; that some of the plaintiffs have been officers in such school-district since such time; others have paid taxes thereto; and the most of them have at some time sent their children to its school, and participated in its district meetings; that previous to September 22d 1874, (when a sworn copy of the original certificate was filed and recorded in the office of the county superintendent of Crawford county,) the officers of such school-district had from time to time reported their proceedings to the superintendent of Crawford county, and had received taxes, school funds, etc."

All the property of the plaintiffs is situated in that part of old district No. 71 now embraced in district No. 11. There was no claim or pretense, that plaintiffs had been assessed with school-district taxes for *both* districts. The district court found in favor of the defendants, dissolved the temporary injunction, dismissed the plaintiffs' petition, and gave

judgment against plaintiffs for costs. The plaintiffs bring the case here on error.

*John T. Voss,* for plaintiffs, contended that it was error, and against justice and equity, to permit the school-district to be joined as a party defendant. As well make *the state* a party, when a state tax is enjoined — or *the county* a party, when a county tax is enjoined. But Union District No. 11 was never legally organized. It does not in its answer even allege that it was duly or legally organized. Some of the findings in regard to the meeting of the county superintendents in March 1871, and their pretended creation of an union district, are not supported by the testimony. There is no evidence of any petition being ever presented, or signed by five householders, or any other number; no evidence that the superintendents ever laid off "Union District No. 11;" nor any pretense of evidence that the proper papers, as the legitimate result of such meeting, were ever filed in their offices, or any of the superintendents' offices of the three counties. The state superintendent of public instruction says, that "the superintendents of the respective counties, after they have formed and organized the union district, should evidence that fact by filing the proper papers in their respective offices." Such a record is necessary. But none was made, as required by law. The only pretended record, found by the court, was in the school-district record-book, and that supposed "record" is a nullity. The county superintendent's records show a valid organization of district No. 71, and utterly fail to show that the pretended district No. 11 was ever legally organized. But if it was organized in 1871, what became of it during the three years until 1874, when the taxes complained of were levied in its name? How these taxes came to be levied, seems to be a mystery. They were levied at the district meeting held in August 1874, (laws 1874, p. 188, § 2,) while no evidence is found anywhere in Crawford county, of any such district, until the 22d of Sep-

tember following—and then no evidence of any legal "district No. 11."

*Daniel Scott*, for the sheriff and treasurer—filed no brief.

*Henry G. Webb*, for Union School District No. 11—that the school-district was a necessary party, cited *Hays, Treas., v. Hill*, 17 Kas. 360; and that said school-district had a legal and valid organization, cited *Wildman v. Anderson*, 17 Kas. 344, 348. Whether such district was sufficiently proven by the records, or not, its existence since 1871 had been constantly recognized and acquiesced in, and that is sufficient. But plaintiffs have mistaken their remedy. The validity of taxes, otherwise valid, which have been voted by a *de facto* school district, cannot be questioned by showing that such district was not organized in strict compliance with the requirements of the statute. Nor can the validity of such *de facto* district be questioned by proceedings to enjoin the collection of such taxes.

The opinion of the court was delivered by

VALENTINE, J.: This was an action to restrain the collection of certain taxes levied by and for school district No. 11 of Crawford, Labette, and Neosho counties, on property situated in that part of said district which is located in Crawford county. The action was originally commenced against 1. School-district the treasurer and sheriff of Crawford county —necessary party. alone, but afterward the court permitted said school-district to be made a party defendant. The plaintiffs, who are also plaintiffs in error, complain of this action of the court below. We think however that the action of the district court in this respect was entirely correct. (*Hays v. Hill*, 17 Kas. 360.) Said treasurer and sheriff were merely nominal parties, and the school-district was the real party in interest.

The action was tried by the court below without a jury, Judgment; and the court made certain findings of fact, and conflicting testimony. then rendered judgment upon these findings of fact in favor of the defendant, and against the plaintiffs;

and of this judgment the plaintiffs as plaintiffs in error now complain. We think the judgment is correct; or at least we cannot say that sufficient error was committed to require a reversal thereof. That the facts found sustain the judgment, we think there can be no doubt. And we think there is sufficient evidence to sustain all the material findings of fact. It is true, that the evidence upon some points is conflicting, and not very conclusive; but still there is some evidence, and sufficient evidence upon every material point to sustain all the material findings of fact.

The only ground upon which the plaintiffs claim that said taxes are invalid is, that said school-district never had a valid organization. The court below however found that it had a legal and valid organization; and if that finding were really material in this case, still we think that this court could not under the evidence set it aside. That the school district had an organization *de facto*, we think there can be no doubt; and if it were competent in this case to show that it never had any organization *de jure*, then we think it devolved upon the plaintiffs to show that it never had such organization. Now the plaintiffs did not show it, and it was not shown in the case. But as the district had a *de facto* existence, a *de facto* organization, we do not think it was competent in this case for any one to show that it did not have any legal existence or legal organization. That the district had a *de facto* existence as a school-district, is sufficiently shown. In 1871 the county superintendents of public instruction of the counties of Crawford, Labette, and Neosho attempted to organize it into a school district. And since that time it has been recognized as a valid organization, not only by the people of the district, but also by county superintendents of said counties, and by other county officers, and by the people generally. It has received public funds from said counties the same as though it was a valid school-district. It has elected officers, built a school-house, and maintained schools, up to the commencement of this action. And some of the plaintiffs in this action have not only been officers of the district, but have also sent their

*2. School district; organization, when valid.*

children to the schools of the district. The taxes which the plaintiffs now wish to enjoin have been placed upon the tax-roll of Crawford county by the county clerk of said county, and the county treasurer and sheriff of said county are now proceeding to collect the same. Under such circumstances it is not competent for the plaintiffs to show, in an action to enjoin taxes, that said district, being an existing *de facto* school-district, has never had any legal or valid organization. If in fact the district was never legally organized, if in fact the attempted organization has never become valid by acquiescence, (*Wildman v. Anderson,* 17 Kas. 348,) then the only remedy for the plaintiffs is by an action in the nature of *quo warranto.* They cannot attack the legality of the organization of the district in the collateral manner in which they have attempted to attack it in this case. The organization of corporations, or *quasi* corporations, can only be set aside by a direct proceeding. If said school district were not a school district *de facto,* probably such an action as this might be maintained.

The judgment of the court below will be affirmed.

All the Justices concurring.