<hr />

[No. 1693.  Decided September 24, 1895.]

Joseph Kuhn, *Appellant*, v. The City of Port Townsend *et al.*, *Respondents*.

MUNICIPAL CORPORATIONS — ANNEXATION OF TERRITORY — PRIVATE ACTION — COLLATERAL ATTACK — ESTOPPEL.

A private citizen cannot, in an action to restrain the collection of taxes, question the right of a municipal corporation to exercise the authority, powers and functions of an incorporated city; this can be done only in a direct proceeding prosecuted by the proper public officers of the state.

Participation in annexation proceedings whereby one's land has been included in the corporate limits of a city, and acquiescence for three years in the jurisdiction of the city authorities thereover, will estop such person from questioning the validity of the annexation,

when raised in a collateral proceeding and based upon mere irregularities and informalities not affecting the jurisdiction in the proceedings to annex the territory.

*Appeal from Superior Court, Jefferson County.*

*Morris B. Sachs*, for appellant :

It cannot be contended in this cause that the facts stated in the answer show such long continued acquiescence of the appellant in the annexation proceedings and such gross laches on his part in the enforcement of his legal rights as will preclude a court of equity from granting the relief asked. Estoppel does not apply where everything is equally well known to both parties. *Logansport v. La Rose*, 99 Ind. 117; *Fletcher v. Holmes*, 25 Ind. 458; 2 Herman, Estoppel, § 957; *Malloney v. Horan*, 49 N. Y. 111 (10 Am. Rep. 335); *Clark v. Coolidge*, 8 Kan. 190.

Equity will interfere to prevent municipal authorities from transcending or making an illegal use of their powers, and relieve against their unauthorized or illegal acts, whenever the reason for resorting to this jurisdiction, such as the want of an adequate remedy at law, multiplicity of suits or the like, exists. 2 Dillon, Mun. Cor. (3 ed.) §§ 906, 914, 916; 1 Pomeroy, Eq. Jur. (2d ed.) §§ 243, 258–260, 270; *State Railroad Tax Cases*, 92 U. S. 575; *Crampton v. Zabriskie*, 101 U. S. 601.

While the legislature may extend the corporate boundaries of municipalities as it sees fit, it cannot authorize the imposition of municipal taxation upon such real estate as evidently derives no benefit from its connection with the municipality. Such taxation would virtually amount to a taking of property for public use without making compensation. *Cheaney v. Hooser*, 9 B. Mon. 330; *Covington v. Southgate*, 15 B.

Mon. 491; *Sharp v. Dunavan*, 17 B. Mon. 223; *Arbegust v. Louisville*, 2 Bush, 271; *Swift v. Newport*, 7 Bush, 37; *Henderson v. Lambert*, 8 Bush, 607; *Courtney v. Louisville*, 12 Bush, 419; *Morford v. Unger*, 8 Iowa, 82; *Butler v. Muscatine*, 11 Iowa, 434; *Fulton v. Davenport*, 17 Iowa, 404; *Langworthy v. Dubuque*, 13 Iowa, 86; (S. C.) 16 Iowa, 271; *Buell v. Ball*, 20 Iowa, 282; *Deeds v. Sanborn*, 26 Iowa, 419; *Durant v. Kauffman*, 34 Iowa, 194; *Brooks v. Polk County*, 52 Iowa, 460.

*Trumbull & Trumbull*, for respondent:

Relief will not be granted in a court of equity by injunction against illegality in tax proceedings, as a matter of right, but relief must be sought under some acknowledged head of equity jurisprudence. Cooley, Taxation (2d ed.), pp. 760-762; Pomeroy, Eq. Jur. (1st ed.), §§ 259-265; 1 High, Inj. §§ 485, 486. While equity will interpose to prevent a multiplicity of suits, the questions involved here are not, in the sense of the code, of common or general interest. *Newcomb v. Horton County*, 18 Wis. 566; *Cutting v. Gilbert*, 5 Blatchf. 259; *First Div. of St. Paul & P. R. Co. v. Parcher*, 14 Minn. 297; Cooley, Taxation, p. 771. Assuming that the tax levied, and which it is alleged that the respondents are threatening to collect, is illegal, it by no means follows that it works irreparable injury. 1 High, Inj., § 545; *Sage v. Town of Fifield*, 96 Wis. 546; *Brooklyn v. Meserole*, 26 Wend. 132; *Heywood v. Buffalo*, 14 N. Y. 534; *Guest v. Brooklyn*, 69 N. Y. 506.

Where complainants have been guilty of laches in asserting their rights and have apparently acquiesced for a series of years in the annexation, they will be estopped from enjoining upon the ground of invalidity of the annexation, a tax imposed upon their property annexed by the municipality. 1 High, Inj., § 547;

*Logansport v. LaRose*, 99 Ind. 117; *Black v. Town of Brinkley*, 54 Ark. 372; *Graham v. Greenville*, 2 S. W. 742; 1 Beach, Pub. Corp., §423.

The alleged irregularities in the annexation proceedings is a collateral attack, and will not be entertained by the court where it appears that there was jurisdiction and that the proceedings were not ˙absolutely void. *Graham v. Greenville*, 2 S. W. 742; 1 Dillon, Mun. Corp., 268, note; *Terre Haute v. Beach*, 96 Ind. 143. The presentation of the petition to the council called into exercise its jurisdiction as conferred by the act and required it to determine as to the sufficiency of such petition, and every other fact necessary to the granting of the prayer of such petition. *Robinson v. Rippey*, 12 N. E. 141; *Strieb v. Cox*, 12 N. E. 481; *Million v. Board*, 89 Ind. 5.

The opinion of the court was delivered by

GORDON, J.—This was an action brought in the superior court of the county of Jefferson for the purpose of restraining the collection of taxes assessed against the lands of plaintiff for municipal purposes. The ground upon which relief is sought is that the property against which said taxes are levied is situated within that portion of territory attempted to be annexed to the city of Port Townsend by virtue of certain proceedings upon the part of the officers of said city, which proceedings he alleges were had and taken without authority of law and are therefore void. Issue of fact was joined by answer and reply, and thereafter, upon motion of. the respondents, judgment was rendered upon the pleadings in favor of respondents, from which judgment this appeal is prosecuted.

The city of Port Townsend was incorporated under an act of the legislature of the Territory of Washington,

approved November 28, 1881. The theory of the complaint, and the sole ground upon which the relief is sought, is that the attempted annexation proceedings were void. The prayer of the complaint is, "that upon the final hearing herein the court will order and declare the said attempted annexation of said property so, as hereinbefore set forth, attempted to be annexed to said city of Port Townsend, and the acts and doings of said city of Port Townsend in relation thereto, void and of no effect."

Various errors are assigned in the appellant's brief, relating principally to matters within the discretion of the lower court, all of which, save those hereinafter noticed, were abandoned upon the oral argument in this court, and although we have examined and considered them, we do not think that any of them are of sufficient importance to warrant a reversal of the cause. Sec. 9 of the act of March 27, 1890, being §501, Gen. Stat., is as follows:

" The boundaries of any municipal corporation may be altered and new territory included therein, after proceedings had as required in this section. The council, *or other legislative body of such corporation,* shall, upon receiving a petition therefor, signed by not less than one-fifth of the qualified electors thereof, as shown by the vote cast at the last municipal election held therein, submit to the electors of such corporation, and to the electors residing in the territory proposed by such petition to be annexed to such corporation, the question whether such territory shall be annexed to such corporation and become a part thereof."

The section further provides for the calling of a special election to be held for that purpose and giving notice thereof, and provision is made for canvassing and declaring the result. Continuing the section provides that:

"If it shall appear upon such canvass that a major-. ity of all the votes cast in such territory and a majority of all the votes cast in such corporation shall be for annexation, such legislative body shall, by an order entered upon their minutes, cause their clerk, or other officer performing the duties of clerk, to make and transmit to the secretary of state a certified abstract of such vote, which abstract shall show the whole number of electors voting in such territory, the whole number of electors voting in such corporation, the number of votes cast in each for annexation and the number of votes cast in each against annexation."

It then provides that:

"From and after the date of the filing of such abstract such annexation shall be deemed complete, *and thereafter such territory shall be and remain a part of such corporation.*"

It is alleged in the complaint that this section does not apply to and has no relation whatsoever to the city of Port Townsend. Learned counsel for the appellant, in his very able and exhaustive brief, has failed to advance any reasoning in support of the position thus assumed.

A similar question was involved in the case of *State, ex rel. Snell, v. Warner,* 4 Wash. 773 (31 Pac. 25), and of that section this court there said:

"In our judgment, there can be no doubt that the intention was to make it apply to municipal corporations of every class, *whether existing under special territorial charters, or under the constitution and subsequent laws of the state.*"

Further consideration convinces us that this is the true meaning of that section.

It appears from the complaint in this action that in September, 1890, a petition was presented to the council of the said city, signed by a number of persons,

requesting that said outlying territory (describing it, and which includes the lands of appellant), be ·annexed to the city of Port Townsend, and that the city limits be extended so as to include the same. Continuing the complaint alleges, that "the said city council, in pursuance thereof and in attempting to annex the said property and extend said boundaries, caused a notice of a special election to be published." (Then follows the notice, the sufficiency of which is not questioned.) "That said city council caused said notice of said election to be published for the time required by law in a newspaper printed and published within the limits of the city of Port Townsend as required by the acts of the legislature aforesaid." Further it alleges that, "on October 27, 1890, an election was held under and by virtue of said notice and thereafter the council proceeded to declare the result and made its finding and declaration in respect thereto, showing a majority of 341 in favor of annexation, and thereupon the city council made an order that the city attorney and clerk draw an abstract to be filed with the secretary of state." Continuing the complaint alleges, "that ever since the finding and declaration aforesaid as to the canvassing of said vote and the drawing and filing of the abstract aforesaid, with the secretary of state, the said city of Port Townsend has assumed and taken control of and legislated for and assessed taxes for general and special purposes upon and against all the property, both real and personal, within the limits described in and mentioned in said notice of election."

It is alleged in the answer and admitted by the reply that the plaintiff was a signer of the petition already mentioned, which was presented to the council asking for such annexation. It is also admitted that since

said attempted annexation various streets have been laid out within the territory so annexed by authority of said city, and improvements made thereon aggregating thousands of dollars; that the appellant also signed some of the petitions to the council praying for said improvements and the grading of said streets. It also appears that during the years 1891–2 he furnished the assessor of the city with a detail list of all his property within the limits thereof, including in said list his property situated in the annexed portion of said city.

Upon the facts above noticed, we think the judgment appealed from must be affirmed for two principal reasons, viz: (1) A private citizen cannot question the right of a municipal corporation to exercise the authority, powers and functions of an incorporated city; this can be done only in a direct proceeding prosecuted by the proper public officers of the state. (2) The appellant is precluded by his conduct from maintaining the present action.

The following authorities, and many others that might be cited, support the first proposition above laid down. *Voss v. School District*, 18 Kan. 467; *School District v. State*, 29 Kan. 57; *Graham v. City of Greenville*, 67 Tex. 62 (2 S. W. 742); *Stockle v. Silsbee*, 41 Mich. 615 (2 N. W. 900); *Clement v. Everest*, 29 Mich. 19; *Mullikin v. City of Bloomington*, 72 Ind. 161; *Atchison, etc., R. R. Co. v. Wilson*, 33 Kan. 223 (6 Pac. 281).

In the case last above cited the court say:

"To maintain this suit, and to defeat the tax complained of, the plaintiff must establish, and the court must determine, that the organization of the district is illegal. This cannot be done in the present action. The legality of the organization cannot be questioned in a collateral proceeding, nor at the suit of a private party. The organization cannot be attacked, nor any action taken affecting the existence of the corporation,

except in a direct proceeding prosecuted at the instance
of the state by the proper public officer."

In *Clement v. Everest, supra*, it is said:

"It would be dangerous and wrong to permit the
existence of municipalities to depend on the result of
private litigation. Irregularities are common and un-
avoidable in the organization of such bodies; and both
law and policy require that they shall not be disturbed
except by some direct process authorized by law, and
then only for very grave reasons."

In *Mulliken v. City of Bloomington, supra*, the court
say :

"As there is a statute under which the town might
have become a city, and as the complaint shows an at-
tempt to comply with this statute, and shows, also, acts
performed after such attempt (conceding that the
statute was not strictly complied with), as a city cor-
poration, and that powers were asserted under the
general act for the incorporation of cities, *a citizen, in
his own behalf, cannot attack the right of the corporation
to exercise the functions, powers and authority of an in-
corporated city.* In such cases as the present, the right
to exercise the powers and authority of a corporation
can only be questioned by a proceeding in the nature
of a *quo warranto*, filed by some one possessing com-
petent authority, in behalf of the state."

Without multiplying authorities upon a proposition
so generally recognized and understood, we think it
can be safely said that where the legislature has con-
ferred upon a city the power to enlarge its corporate
limits, and having jurisdiction of the general subject
matter thereof the city authorities proceed to act and
to declare a result, and thereafter *to act upon such re-
sult*, the legality of such acts cannot be called in ques-
tion in a collateral proceeding. So here, the subject
of annexing territory to the city was one over which
the council of the city of Port Townsend had jurisdic-

tion by virtue of § 9 of the act of 1890, *supra*. That jurisdiction was brought into exercise by the filing of the petition, regardless of whether the petition complied with the statute, and regardless of any errors or irregularities in the proceedings of the council.

"The power to hear and determine a case is jurisdiction; it is '*coram judice*,' whenever a case is presented which brings this power into action." *United States v. Arredondo*, 6. Pet. 691.

In *Morrow v. Weed*, 4 Iowa, 77 (66 Am. Dec. 122), it was held :

"If there be a petition, or the proper matter of that nature, to call into action the power or jurisdiction of the court, its sufficiency cannot be called in question in a collateral proceeding."

To the same effect is the very well considered case of *City of Terre Haute v. Beach*, 96 Ind. 143.

The objections urged against the proceedings of the council of the respondent city do not go to any question of jurisdiction, but constitute mainly irregularities and informalities not affecting jurisdiction, and afford no ground for collateral attack.

The appellant's participation in the annexation proceedings, his subsequent recognition of the jurisdiction of the city authorities, his acquiescence in the result reached and declared by them, and his gross laches in the assertion of his rights, constitute an equitable bar to the cause of action which he, after the lapse of nearly three years, first attempted to assert; and it would be immaterial to the result were we to determine that his conduct amounted to a ratification or an election, or requires the application of the doctrine of estoppel. *Strosser v. City of Fort Wayne*, 100 Ind. 443; *Hayward v. National Bank*, 96 U. S. 611; *Graham v. City of Greenville, supra*.

In *Strosser v. City of Fort Wayne, supra*, it is said:

"If a taxpayer were permitted to long acquiesce in the order of annexation and then secure its overthrow, great confusion would ensue and much injustice be often done. High considerations of public policy and of justice require that a taxpayer who is notified that a public corporation claims to have extended its limits so as to take in his property, should act with promptness and proceed with diligence, if he would resist the attempted annexation."

We think the lower court was right in giving judgment for the respondents and in denying appellant's application for leave to amend, and said judgment is affirmed.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.