[No. 5228. Decided December 20, 1905.]

## C. B. SMITH, *Respondent,* v. THE CITY OF SEATTLE, *Appellant.*[1]

APPEAL—ESTOPPEL TO ALLEGE ERROR—ACCCEPTING DEDUCTION OF BENEFITS FROM DAMAGES IN MUNICIPAL IMPROVEMENTS. Upon an appeal from the cancellation of an assessment of certain lots for local improvements, which the jury found were damaged $50 in excess of benefits, the city cannot be heard to assert that there was no authority for deducting the benefits from the damages in such a case, where the damages found were paid by the city, which thereby accepted the deduction of benefits made by the jury in assessing the damages.

Appeal from a judgment of the superior court for King county, Bell, J., entered March 28, 1904, in favor of the plaintiff, after a hearing on the merits, cancelling an assessment for local improvements. Affirmed.

1Reported in 82 Pac. 1098.

*Mitchell Gilliam, Hugh A. Tait, Wm. Parmerlee (James B. Howe,* of counsel), for appellant.

*William Hickman Moore (A. J. Tennant,* of counsel), for respondent.

Root, J.—The city of Seattle established an improvement district for the improvement of a portion of Pike and East Pike streets by regrading. Respondent owned a lot within said district. In the condemnation suit instituted by the city, the jury, after being instructed to deduct the amount of local and special benefits, found that respondent's property was damaged in the sum of $50, which amount the city thereupon paid from its general fund. Thereafter the city council prepared an assessment roll, levying upon the property specially benefited the cost of said improvement. Respondent's lot was placed upon said roll and assessed in the sum of $345.67. He appeared at the hearing over said roll before the city council, and objected to any assessment, for the reason that the jury had found his property to be damaged, over and above the amount of local and special benefits, which benefits had by said jury been deducted from the sum total of his damages. His objections were overruled by said council, and the assessment upon his lot confirmed. He then appealed to the superior court in and for King county, where proceedings were had terminating in a judgment cancelling said assessment upon respondent's property. From said judgment the city prosecutes this appeal.

The essence of appellant's contention seems to be contained in the following extract from its brief:

"Inasmuch as section 16, article 1, of the constitution, leaves the municipal corporation on the same footing as any other corporation, in every case save where a right of way is appropriated, we contend that, when the city undertakes to regrade a street, and thereby to damage abutting property, it has no right to have the benefit to the abutting property,

caused by the improvement, deducted from the damage to the abutting property, caused by the improvement."

Respondent answers this by insisting that the city cannot be heard to make this contention, for the reason that it accepted the benefit of this deduction before the jury, and paid only the $50 damages existing after making said deduction. Appellant argues that the trial court, in instructing the jury to deduct local and special benefits from respondent's damages, committed an error of law which respondent could have had corrected upon appeal, but that, not having appealed, he cannot now complain of said error, or urge it as justification for the trial court's action in annulling the assessment made thereafter by the city upon his lot. While appellant's argument is ingenious and, in a measure, plausible, we cannot believe its position tenable. Having, for the purpose of estimating respondent's damages, treated the statute as valid, and having profited by the deduction of benefits therein made against his damages, we cannot see how it can consistently urge unconstitutionality of the statute in a subsequent branch of the same proceeding. Were the validity of this statute challenged by a property owner whose benefits were but slightly in excess of his damages, in a case where others who, on account of their damages being slightly greater than their benefits were not assessed at all, and where others having no damage were assessed upon their benefits only in proportion as he was assessed upon his benefits, a serious constitutional question would be presented. But, upon the facts as revealed by this record, we feel constrained to hold that appellant cannot be permitted to urge this matter upon this appeal. *Daniels v. Tearney,* 102 U. S. 415, 26 L. Ed. 187; *Muldoon v. Seattle City R. Co.,* 10 Wash. 311, 38 Pac. 995, 45 Am. St. 787; *Kuhn v. Port Townsend,* 12 Wash. 605, 41 Pac. 923, 50 Am. St. 911, 29 L. R. A. 445; *Ferguson v. Landram,* 5 Bush.

230; 6 Am. & Eng. Ency. Law (2d ed.), 1090; Cooley, Const. Lim. (6th ed.), 196; Id. (7th ed.), p. 250 *et seq.*

The judgment appealed from is affirmed.

MOUNT, C. J., DUNBAR, CROW, RUDKIN, FULLERTON, and HADLEY, JJ., concur.