J. F. THOMPSON, Appellant, v. W. L. MITCHELL, Treasurer of Hancock County.

| 133 | 527 |
| 137 | 91 |

| 133 | 527 |
| 140 | 493 |

| 132 | 527 |
| f144 | 129 |
| 144 | 629 |

**Constitutional law:** STATUTES. Where the court can dispose of a
1 case upon other grounds it will not pass on the constitution-
ality of a statute under which it arises.

**Same:** TAXATION: INJUNCTION: ESTOPPEL. A land owner who
2 was served with notice of proceedings preliminary to the es-
tablishment of a drainage district, had actual knowledge of
the construction of the drain therein, and without objection
paid installments of taxes assessed for the improvement, is
estopped from seeking relief in equity from his obligation to
pay the remaining taxes on the ground that the statute under
which the improvement was made did not provide for notice
to land owners of the proposed improvement and was there·
for unconstitutional; nor will the fact that others might suc-
cessfully raise the question of constitutionality aid him.

**Same.** A land owner cannot enjoin the collection of taxes assessed
3 to pay the construction of a drainage ditch, on the ground
that the statute authorizing the improvement did not contain
provision for notice of the proceeding, where a subsequent·
statute in force prior to the action, authorized a reassessment
of any tax rendered invalid because of want of notice.

*Appeal from Hancock District Court.*— HON. C. H. KEL-
LEY, Judge.

WEDNESDAY, MARCH 6, 1907.

ACTION in equity to restrain the defendant, as county
treasurer, from enforcing against the property of plaintiff
taxes levied for the construction of a ditch within a district
including plaintiff's lands. Defendant's answer, setting up
the proceedings under which the taxes had been levied, was
demurred to; and, on the overruling of the demurrer, plain-
tiff electing to stand on his petition and his demurrer, judg-
ment was entered in favor of the defendant, from which
plaintiff appeals.— *Affirmed.*

*Burt J. Thompson,* for appellant.

*John Hammill* and *J. E. Wichman,* for appellee.

McCLAIN, J.— The proceedings for the establishment of the drainage district including plaintiff's lands was instituted in 1893. Notice was given in 1894 to the plaintiff and all other owners of lands of the pendency of the proceedings, and that at a future date named objections to the establishment of the drainage district might be made; and subsequently the board of supervisors by resolution established the proposed drainage district, including therein the lands of plaintiff. In 1895 the tax complained of was levied, payable in annual installments, and a considerable part thereof has already been paid by plaintiff and other landowners.

The contention of appellant is that the proceeding was under Code, sections 1939–1951, inclusive, relating to the levying of taxes on abutting property or other property in the vicinity directly benefited thereby for the expense of the construction of a public ditch, and that proceedings for the assessment of taxes under these sections of the Code have been held to be unconstitutional for the reason that no provision is made therein for notice to the owners of the property in the vicinity which are to be assessed as benefited by the improvement. See *Beebe v. Magoun,* 122 Iowa, 94; *Smith v. Peterson,* 123 Iowa, 672. It is clear, however, that the proceeding as described more fully in defendant's answer was a proceeding under Code, section 1952, for the establishment of a drainage district. Conceding this proposition for the purpose of the argument, counsel for appellant maintains that there is the same defect in that section as in the preceding sections with reference to the matter of notice, and that, as no notice to the landowners whose property is to be included in the proposed district is provided for, the whole proceeding was invalid. That section directs that

" the same proceedings shall be had as is provided by law for the location and construction of ditches " under the preceding sections; and counsel for appellee contend that as some notice is provided for in the preceding sections, and the provision is defective only because notice is to be given to owners of one class of lands, while as to owners of another class of lands which may also be taxed for the improvement it is not required, the presumption must be entertained that under section 1952, which contemplates some notice, there is adequate provision for the necessary notice, inasmuch as, if notice is given at all, it must necessarily be given to all the owners of lands included within the district, as no distinction between those whose lands abut upon the ditch which shall afterwards be located, and those whose lands do not abut, but are within the district which is to be made to include the lands generally benefited, is recognized.

We do not find it necessary to pass upon this question, for we find that plaintiff is not in a position to raise the objection of want of constitutionality in Code, section 192, on account of failure to provide notice, and it

1. CONSTITUTION-
AL LAW: stat-
utes.

is well settled that a court will not pass upon the constitutionality of a statute if the case may be disposed of on any other ground. *Santo v. State*, 2 Iowa, 165, 208; *State ex rel. v. County Judge*, 2 Iowa, 280; *McCormick v. Rusch*, 15 Iowa, 127; *Dubuque & D. R. Co. v. Diehl*, 64 Iowa, 635; *Bond v. Wabash St. L. & P. R. Co.*, 67 Iowa, 714; *Martin v. State* (Ark.), 96 S. W. 372; *Mills Novelty Co. v. Dunbar* (Idaho), 83 Pac. 932.

The appellant did have formal notice of this proceeding. Moreover, he lived in the vicinity, and, it is alleged, had knowledge of the construction of the ditch from its

2. SAME: taxa-
tion; injunc-
tion; estoppel.

inception until its conclusion. It is also alleged that, as a subcontractor, he assisted in the construction of the ditch and received compensation for his services. He has paid installments of taxes

for this improvement without objection, and not until nine years after the levy of the tax, and after the greater part of the assessment had been · collected from himself and other landowners, did he take any steps to protest against or enjoin the enforcement of the tax. Under these circumstances, we think that he is in no situation to come into a court of equity and claim that he should be relieved from the obligation to pay the installments of tax yet remaining uncollected. It is not necessary to hold that one who has received no notice under which he is called upon to act is estopped by mere knowledge of the progress of an improvement for which his lands are to be assessed from making objection to the payment of the tax after the improvement has been completed, although several courts seem to have reached this conclusion. *McCoy v. Able,* 131 Ind. 417 (30 N. E. 528, 31 N. E. 453) ; *Prezinger v. Harness,* 114 Ind. 491 (16 N. E. 495) ; *Board of Commissioners v. Plotner,* 149 Ind. 116 (48 N. E. 635) ; *Kellogg v. Ely,* 15 Ohio St. 64; *Hellen v. Medford,* 188 Mass. 42 (73 N. E. 1070, 69 L. R. A. 314, 108 Am. St. Rep. 459) ; *Dakota County v. Cheney,* 22 Neb. 437 ( 35 N. W. 211) ; *Moore v. McIntyre,* 110 Mich. 237 (68 N. W. 130) ; *Atwell v. Barnes,* 109 Mich. 10 (66 N. W. 583) ; *Auditor General v. Melze,* 24 Mich. 285 (82 N. W. 886) ; *Paulsen v. Portland,* 149 U. S. 30, 42 (13 Sup. Ct. 750, 37 L. Ed. 637) ; *Patterson v. Baumer,* 43 Iowa, 477 ; *Burlington v. Gilbert,* 31 Iowa, 356.

The theory of these cases seems to be that where the proper board authorized to make a public improvement, under color of right, proceeds to do so, the property owner having knowledge of the proceedings cannot allow the improvement to proceed without objection and afterwards on account of some defect or irregularity in the proceedings question the validity of the tax. In this case appellant not only had knowledge of the construction of the ditch, but he had notice of the proceedings preliminary to the establish-

ment of the drainage district in which his land was included, and had every opportunity which any property owner could have had to make timely objection in order that his rights might be protected. His contention is, however, that, as the statute makes no provision for notice, the notice given was a nullity and of no effect as determining his rights. But the statute does contemplate a notice, and a notice was given, and it is not therefore open to plaintiff to say under the circumstances above indicated that there might have been persons not notified, and as to whom no notice was required, in whose favor the objection of want of constitutionality might have been urged. In *Smith v. Peterson,* 123 Iowa, 672, the provisions of the statute therein considered were held unconstitutional because the burden of the improvement was thrown upon a portion only of those benefited by reason of the failure to provide for notice to others equally benefited. One who is not on his own account entitled to question the constitutionality of a statute cannot object that it is unconstitutional as to others. *State v. Sparling* (Wis.), 107 N. W. 1040; *State v. Barr,* 78 Vt. 97 (62 Atl. 43); *In re Terrett* (Mont.), 86 Pac. 266; *Smith v Seattle,* 41 Wash. 60 (82 Pac. 1098).

Another and a satisfactory reason for holding plaintiff to be without equity is that prior to the institution of this suit a statute had been passed and had gone into effect providing for the reassessment and relevying of

3. SAME.

taxes for ditches which might be invalid on account of failure to give notice. See Acts 30th General Assembly, chapter 67 (1904). This statute also contains provisions for notice in proceedings afterwards instituted for the establishment and construction of ditches. It would be manifestly futile and useless to relieve plaintiff from the payment of so much of his drainage tax as remains still unpaid. In view of the authority which the board of supervisors would have, and would in fairness be bound to exercise, to reassess to plaintiff the very taxes from which he

seeks relief. There are no allegations in his petition to indicate that such taxes ought not to be reassessed to him, even if his contention as to the constitutionality of Code, section 1952, under which the assessment was made, should be sustained.

The court rightly overruled plaintiff's demurrer to defendant's answer, and the judgment in favor of the defendant is *affirmed*.