WOODRUFF v. THURLBY ET AL.

**Evidence:** BURDEN OF PROOF: RECEIPT. Where a debtor placed in the hands of his creditor certain railroad shares, instructing him either to sell them and apply the proceeds upon his indebtedness, or return them within a specified time, and the creditor proved their delivery to a third party who promised to place them in the hands of the debtor, the burden of proof is upon the former to show actual delivery to the debtor or authority in the third party to receive the shares for him.

*Appeal from Wapello District Court.*

FRIDAY, SEPTEMBER 25.

PLAINTIFF claims of defendants the sum of $412.01, with interest at the rate of six per cent per annum from the 16th day of December, 1858, on account of a judgment recovered by Elisha L. Woodruff and Cyrus M. Curtis, against defendants, in the Circuit Court of Stephenson county, Illinois, and of which plaintiff alleges he is the owner. The defendant Joseph E. Langford, for answer, alleges that he paid on said

judgment, on the 18th of May, 1859, the sum of $225, which he asks may be deducted therefrom. The plaintiff, for reply, denies that Langford ever paid any sum on the judgment: He admits that Langford placed in his hands a number of shares of railroad stock, amounting to $225, for which plaintiff gave a receipt, agreeing that if the shares were not returned within thirty days, Langford was to have a credit on the judgment for $225. Plaintiff avers that at the end of thirty days he returned the stock, telling Langford he was unable to dispose of the same, when it was mutually agreed that the time should be extended on the terms mentioned in the receipt. That he retained the stock thirty days longer, and tried to dispose of the same, but could not, and at the expiration of thirty days the stock was returned to Langford, and that plaintiff never received any value from said stock.

The cause was tried by the court, and judgment was rendered for plaintiff for $786.15, the amount of the judgment sued on and interest. The defendant Langford appeals.

*Stiles & Burton*, for appellant.

*Hamilton & Chambers*, for appellee.

DAY, J.—The only question presented is whether defendant Langford is entitled to a credit of $225 upon the judgment sued on. The receipt executed by plaintiff is as follows:

" Received of Joseph E. Langford Racine and Mississippi Railroad scrip amounting to the sum of two hundred and twenty-five dollars, which I agree to return within thirty days, or, in case the same be not returned, I agree to receive the same as cash, to apply on a judgment in my favor against said Langford and Grice W. Thurlby, for $412.01, obtained in Circuit Court, Stephenson county, Illinois, at December Term, A. D., 1858."

This receipt is dated May 18, 1859.

Plaintiff testifies as follows: " I took the scrip with the privilege of returning the same if I became satisfied it was not good for the amount he asked me for it; I became satisfied that it was worthless, and within the time agreed on I returned the scrip to him; he still insisted that there was value in it,

and persuaded me to retain it for a longer time, and make further investigation. I consented to do so, and if I could realize on it, I was to apply it on his indebtedness. I found that it was absolutely worthless, or so near it that I would not keep it; within the time agreed upon, I think it was thirty days, either the last or near the last day, I drove from my home to Davistown, where said Langford had resided, and found that he had moved from there to a place about six miles further off, where he was then living and overseeing a job on the railroad. I went to his boarding place and found he had gone to Freeport, some twelve or fifteen miles further off; it was just at night, and I could not go further; so I left the scrip with the man with whom he boarded, who said he would give it to Langford; this is the last I ever knew of the scrip, and I have no recollection of ever seeing Langford after that."

The defendant testified: "He did not return the stock in the thirty days as stated in the receipt. I extended the time for him thirty days longer; he never returned the stock; I have never seen it since; the stock was worth its face to me at the time in trade. Sometime afterward, in September, I heard the plaintiff had left the scrip with a man for me, but I did not know anything about it. He never returned it to me, and never told me where I could get it; and never called upon me for the receipt."

No other testimony was introduced.

The pleadings and the evidence show that the defendant was placed in a condition which entitled him to a credit of $225 on the judgment, unless the plaintiff did a particular act, viz: returned the shares of stock within a specified time.

The plaintiff alleges that he returned the stock within the time agreed upon. It is not necessary that we should determine upon whom is the burden of proof respecting this issue, for, as we view the evidence, it shows without conflict, that the stock was not returned. Defendant testifies that he never received it, and in this he is not contradicted. Plaintiff testifies that he left the stock with the man with whom defendant boarded. In as much as plaintiff shows the delivery of the stock to a third party, the burden of proof is upon him to

show that this party had authority to receive it, or that he delivered it to defendant. There is no proof that this party had such authority. And it is proved that he did not deliver the stock to defendant. The evidence shows clearly that plaintiff did not perform the act, which alone was to deprive defendant of his right to a credit on the judgment sued on.

The judgment of the court, in so far as it denies the defendant the benefit of the credit which he claims, is altogether unsupported by the evidence.

REVERSED.