[No. 941.   Decided December 30, 1893.]

F. M. MULDOON, *Respondent*, v. THE SEATTLE CITY RAILWAY COMPANY, *Appellant*.

CARRIERS — LIABILITY FOR NEGLIGENCE — PASSENGER RIDING ON FREE PASS — CONTRIBUTORY NEGLIGENCE — STANDING ON PLATFORM.

A passenger riding upon a free pass which contains conditions limiting the liability of the carrier on account of negligence, cannot recover for injuries received through the negligence of the carrier's servant.

It is not negligence *per se* for a passenger to stand upon the front platform of the trail car in a moving cable train, when there is no rule of the company against it, and it has been the custom for passengers to occupy that position.

*Appeal from Superior Court, King County.*

*Andrew F. Burleigh,* for appellant.

*Thompson, Edsen & Humphries,* for respondent.

The opinion of the court was delivered by

STILES, J. — In this case the bare legal question is up for determination, whether a person riding upon a public street car, upon a free pass, can recover for personal injuries suffered by him through the negligence of the street railroad company's servant, when the pass had printed upon the back of it such a condition as the following:

"The person accepting this pass assumes all risks of accidents, and expressly agrees that the company shall not be liable, under any circumstances, whether by negligence of their agents or otherwise, for injury to the person, or for loss or injury to the property of the person, using this pass."

It is a general rule that carriers of passengers for hire cannot contract against their liability for damages for injuries to their passengers, and this rule has been frequently held to be none the less operative when the evidence of the passenger's right to travel was put in the form of a free pass, if, in fact, there was a consideration for the issuance of it. *Railroad Co. v. Lockwood,* 17 Wall. 357; *Railroad Co. v. Stevens,* 95 U. S. 655.

The cases above cited expressly refrain from any expression of opinion as to what the law would be were the pass purely a gratuity with a condition against liability. There are dozens of such cases as *Railroad Co. v. Lockwood* in the reports, and the language of many of them is fully strong enough to justify counsel in claiming that they would cover the case of a gratuitous pass with conditions. However, nearly all of them are cases where drovers or

other shippers, being under the necessity of accompanying their shipments of stock or other merchandise to properly care for it while in transit, were granted transportation without payment of fare *eo nomine*, but where the federal supreme court found that there was a valuable consideration and therefore a contract of carriage for hire. But of all the cases called to our attention, or discovered by us in a somewhat extended examination of the subject, there are but eight where the naked question of liability under a free pass with conditions was presented. There may be some others, but they are most likely to be found in New York and Illinois, where the right of a carrier to contract against liability has long been recognized in some form or other.

*Illinois Central R. R. Co. v. Read* (1865), 37 Ill. 484, held that a passenger traveling on such a pass could not recover; also *Kinney v. Central R. R. Co.* (1869), 34 N. J. Law, 513. *Jacobus v. St. Paul, etc., Ry. Co.* (1873), 20 Minn. 125, held the opposite, as did *Rose v. Railway Co.* (1874), 39 Iowa, 246. *Griswold v. Railroad Co.* (1885), 53 Conn. 371 (4 Atl. Rep. 261), and *Annas v. Milwaukee, etc., R. R. Co.* (1886), 67 Wis. 46 (30 N. W. Rep. 282), held there could be no recovery. *Gulf, etc., R. R. Co. v. McGown* (1886), 65 Tex. 643, followed Minnesota and Iowa; but *Quimby v. Boston & M. R. R. Co.* (1890), 150 Mass. 365 (23 N. E. Rep. 205), decided against recovery. The Iowa case was largely based upon a statute of that state which was construed to prohibit any attempt at limitation by the carrier.

We have given these cases in their order of time, so that it may be seen that there is no absolute weight of authority on this subject. The language of the most of the text books, of which a dozen or more have been cited, is, so far as any opinion is expressed, for the most part favorable to a right of recovery in such cases; but Beach on

Contributory Negligence, § 172, and Patterson's Railway Accident Law, p. 505, are the only books of this class which give any consideration to the cases above cited.

There can be no question as to the propriety of that rule of law which prohibits a common carrier from forcing upon any person who deals with it in its public capacity a condition against liability arising from its own negligence. The very idea of a public or common carrier, with its features of monopoly and right of eminent domain, bears with it, to the modern mind, the duty of conveying passengers with safety, so far as its own acts are concerned, upon the payment of reasonable compensation. The duty which the carrier owes to the public and to the individual is to perform the service safely, without any limiting conditions; and therefore, such conditions, when the imposition of them is attempted, violate an implied duty and are justly held void.

But when the intending passenger proposes to the carrier that it do something for him which it is not, under any conceivable circumstances, required by law or duty to do, viz., to carry him without any compensation whatever, and when the whole matter is at the option of either party to agree or not, it is difficult to see why public policy should step in and deny the right of the carrier to limit its chances of loss in the operation, even though a careless servant cause unintentional injury to the passenger. The theory that the granting of passes upon condition like this will tend to demoralize the servants of railway and other carriers and thereby imperil the limbs and lives of paying passengers, seems to us mere fancy; and yet this is about the only consideration urged by those courts which hold that there is a public policy in the way of such agreements. Absolutely gratuitous passes represent but an infinitesimal portion of the mileage actually traveled, and of all the pas-

sengers carried but an infinitesimal number are injured by the carrier's negligence. The precautions adopted by managers and employés of land and water transporation companies are not gauged by the fact that there may be free passengers aboard, and never will be while the doctrine of *respondeat superior* has its present healthy existence. Considerations of business success, of competition, of the preservation of expensive machinery, of continuance in employment, of the safety of their own lives and limbs, and, to some extent at least, of humanity, have incalculably more influence upon the servants of these carriers in making them careful than any thought of damage suits in favor of free passengers. It is only in the rarest instances that disasters of this kind occur through recklessness, or through any other cause than the innate weakness of human nature, which cannot forever maintain a perfect guard.

The cases from Massachusetts, New Jersey and Wisconsin above cited seem to us to present, by conclusive argument, the better reason on this subject, and we adopt the views therein expressed, and hold that the person who accepts a pass with such conditions indorsed on it as those alleged in this case, is bound by their terms. It follows that the demurrer to the first defense should have been overruled.

The non-suit asked by appellant was properly refused. We do not think it can be said that it is negligence *per se* for a passenger to stand upon the front platform of the trail car in a moving cable train, in the absence of any rule of the company against it, and where it has been the custom for passengers to occupy that position. Doubtless there is more liability that accidents will occur where a car is propelled by cable than where horses are used; but common experience has not discriminated between the two to the extent of changing the rule of law. In most cases of

this class the question of contribution is one for the jury. *Mills v. Lynn, etc., R. R. Co.*, 129 Mass. 351; *Nolan v. Brooklyn, etc., Ry. Co.*, 87 N. Y. 63.

If the question of the conditional pass be not in the case, and the jury find that the appellant was negligent in causing the sudden stoppage of the car, and that no failure of respondent to use ordinary care to preserve himself from the danger of such accidents contributed proximately to produce his injury; then, upon a new trial, respondent will be entitled to recover; otherwise he will not.

Judgment reversed, and cause remanded with directions to overrule the demurrer to the first defense and proceed with a new trial.

DUNBAR, C. J., and HOYT, SCOTT and ANDERS, JJ., concur.