10   311
41   62

[No. 1382.   Decided December 17, 1894.]

F. M. MULDOON, *Appellant, v.* SEATTLE CITY RAILWAY COMPANY, *Respondent.*

CARRIERS—LIABILITY FOR NEGLIGENCE—PASSENGER RIDING ON FREE PASS—ESTOPPEL.

A public officer travelling upon a free pass issued by a transportation company is estopped from setting up in an action for damages arising from the negligence of the company that the pass issued to him was void under the constitution, and that the conditions attached to its acceptance and use were, consequently, inoperative.

A person receiving and using a ticket for free transportation is bound to see and know all of the conditions expressed thereon, which the carrier sees fit to lawfully impose, and is bound thereby, whether he actually read them or not.

*Appeal from Superior Court, King County.*

*Thompson, Edsen & Humphries,* for appellant.

NOTE—The rights of a person riding on a pass are the subject of annotation to this case on former appeal as reported in 22 L. R. A. 794.

Can a contract made in violation of the constitution be enforced against appellant? *Patton v. Gilmer*, 42 Ala. 548 (94 Am. Dec. 665); Bishop, Contracts, §§ 467–549; *Youngblood v. Birmingham Trust Co.*, 12 South. 581; *Moog v. Espalla*, 9 South. 596; *Logan County National Bank v. Townsend*, 11 Sup. Ct. 496; *Baird v. Boehner*, 42 N. W. 454; *L. N. A. & C. Ry. Co. v. Faylor*, 126 Ind. 126 (25 N. E. 869).

The opinion of the court was delivered by

STILES, J.—Upon the remittance of this case after the former decision (7 Wash. 528, 35 Pac. 422), the plaintiff filed a reply containing two defenses to the matter concerning the free pass set up in the answer. In the first, it is alleged that at the time of receiving the pass appellant was a duly elected, qualified and acting member of the common council of Seattle, being a member of the house of delegates from the second ward; that the pass was issued and delivered to him by respondent with full knowledge of all the facts, and for the reason and cause that appellant was such public officer, and not otherwise. It is further alleged that appellant received and accepted the pass so tendered as a public officer, in his official capacity, and used the same to ride upon respondent's cars because of his being such public officer, and not otherwise. In the second, it is alleged that the pass was delivered to appellant bound and enclosed in a leather case so constructed as to conceal all portions of the pass except the face, so that in using it in riding to and fro upon respondent's road it was unnecessary to remove it from the case, but it was only necessary to exhibit the exposed face of the pass to the conductors. It is further alleged that neither at the time of receiving the pass, nor at any time thereafter, prior to the injury complained of, did the appellant ever have any knowledge, notice or information that there was printed upon the back of said pass or upon any part thereof the conditions and charges set forth in the answer.

To these defenses a demurrer was sustained, and this appeal calls for a decision as to their sufficiency. It is maintained, in the first place, that because the constitution of the state, art. 12, § 20, forbids transportation companies

to grant passes to public officers, when that prohibition was violated by the respondent, both the pass and the condition were void, and the parties were placed in the position that the street railroad company was carrying the appellant as though he were an ordinary free passenger, and was subject to its ordinary liabilities in such cases.

Conceding the constitutional provision to be self-executing, we are unable to arrive at the conclusion from the premises. The appellant received the pass which he knew the corporation had no right to give him, and he availed himself of its privileges, and he ought to be estopped from saying that that which was the very means by which he occupied a place in the respondent's car was unlawfully given him. He was there under the license of the pass, and he cannot now be heard to say that his relation to the respondent was any other than that which he voluntarily made it.

As to the second point, it seems to us but little stronger than if the plea were that the appellant had not read what was printed, or had not looked on the back of the pass, because it was not necessary for the satisfaction of the conductors. It is not alleged that the leather case was contrived so that the pass could not be easily removed from it. We think it may be fairly held that a person receiving a ticket for free transportation is bound to see and know all of the conditions printed thereon which the carrier sees fit to lawfully impose. This is an entirely different case from that where a carrier attempts to impose conditions upon a passenger for hire, which must, if unusual, be brought to his notice. In these cases of free passage, the carrier has a right to impose any conditions it sees fit as to time, trains, baggage, connections, and, as we have held, damages for negligence; and the recipient of such favors ought at least to take the trouble to look on both sides of the paper before he attempts to use them.

In *Griswold v. New York, etc., R. R. Co.*, 53 Conn. 371 (4 Atl. 261, 55 Am. Rep. 115), a minor was held bound by such conditions which he did not read. So in *Quimby v.*

*Boston, etc., R. R. Co.*, 150 Mass. 365 (23 N. E. 205), it was said of the passenger : "Having accepted the pass, he must have done so on the conditions fully expressed therein, whether he actually read them or not."

Judgment affirmed.

DUNBAR, C. J., and HOYT and SCOTT, JJ., concur.

