ADAMS et al. v. NORTHERN PAC. RY. CO.

(Circuit Court, D. Washington, E. D. August 7, 1899.)

WRONGFUL DEATH—NATURE OF STATUTORY ACTION—CONTRACT WITH DECEASED FOR LIMITATION OF LIABILITY.

The statutes of Washington and Idaho, which in that respect are similar, and provide that, when the death of a person is caused by the wrongful act or negligence of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, create a new cause of action, in favor of the beneficiary named, to recover compensation for their own loss, independent of any right of action which the deceased may have had to recover for the injury had he survived; and hence a contract between a railroad company and a passenger by

which the latter, in consideration of free transportation, agreed that the company should not be liable for any personal injury received by him, whether from negligence or otherwise, constitutes no defense to an action by the widow and child of such passenger, under the statute of either state, to recover damages for his death, alleged to have been caused by the company's negligence.

This is an action to recover damages for wrongful death. Heard on demurrer to answer.

Voorhees & Voorhees, for plaintiffs.
Stephens & Bunn, for defendant.

HANFORD, District Judge. This is an action by the widow and son of Jay H. Adams, deceased, to recover damages for the injury which they have suffered by his death. Mr. Adams fell or was thrown from the platform between cars of a train on which he was traveling as a passenger from Hope, in the state of Idaho, to Spokane, sustaining injuries causing his death; and the complaint charges that the mishap was due to negligence on the part of the defendant in the improper construction of the cars, and carelessness in operating the train. The defendant has filed an answer setting forth several grounds of defense, in which it pleads, as its third affirmative defense, "that the said Jay H. Adams paid defendant nothing for his transportation, but was being carried upon a free pass, and that said Jay H. Adams, as a condition of such free carriage, had contracted with said defendant that said defendant should not be liable for any injury to the person of said Jay H. Adams, or for any loss or damage to his property, under any circumstances, whether of negligence of defendant's agents or otherwise"; and the case has been argued and submitted upon a demurrer to said defense.

The attorneys for the defendant, in their argument upon the demurrer, make the following points:

"In the interpretation of a contract limiting liability of carrier, as to its validity and effect the lex loci contractus must control. * * * This rule certainly must prevail in a case where plaintiff depends entirely for a recovery solely upon the law of the state where such contract was made. The contract limiting the liability of the defendant railway company in this case was made, entered into, and delivered within the state of Washington,—the state where this suit was brought; and the law of the state of Washington is that, where the passenger is a strictly gratuitous one, recovery cannot be had. See Muldoon v. Railway Co., 7 Wash. 528–532, 35 Pac. 422; Id. (second appeal) 10 Wash. 311–313, 38 Pac. 995."

Their effort appears to be to treat the case as if it were an action to recover damages for breach of the contract by which the company undertook to carry Mr. Adams as a passenger on its train. But the plaintiffs do not base their demand upon any contract. On the contrary, they complain of a wrong resulting in an injury to them, by deprivation of the support, protection, society, and comfort of their husband and father. Their case rests upon the same legal grounds as it would if Mr. Adams, without being a passenger on the defendant's train, and without holding any contract relation whatever with the defendant, had been killed by the wrongful act of the defendant. This being so, the question as to the validity of the

contract under which the defendant claims exemption from liability is not material. If full effect be given to the exemption clause, it would only constitute a bar to the recovery of damages by Mr. Adams himself, or by his representatives for the benefit of his estate; but Mr. Adams is not a party to this action, and the plaintiffs are not demanding the enforcement of any right of his, or any right which ever was subject to his control, or which could be extinguished or barred by any contract which he could make without being specially authorized as their agent. Therefore the decision of the supreme court of the state of Washington in the case of Muldoon v. Railway Co. does not bind, or restrict the independence of, this court in the determination of the rights of the parties in this case.

The statutes of Idaho are similar to the statutes of this state, in providing that, when the death of a person is caused by the wrongful act or negligence of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; and in every such action the jury may give such damages, pecuniary or exemplary, as, under all circumstances of the case, may to them seem just. Under this law the plaintiffs have a right of action to recover compensation for their own loss, and they are not.suing to enforce a right of the deceased to recover damages for the injury which he suffered. Therefore the contract by which the deceased agreed to exempt the defendant from liability has no effect whatever upon their right of action. Not being parties to the contract, they are not bound by it. In their brief, counsel for the defendant deny that there are any authorities supporting the proposition that the right of action is an independent right (that is to say, not dependent upon the question whether or not the deceased, if he had survived the injury, could have sustained an action therefor), but I find no lack of authorities affirming that:

"Lord Campbell's act and the statutes of most of the states create, in favor of certain beneficiaries surviving the deceased, an entirely new cause of action, distinct from and independent of any right of action the deceased may have had during his lifetime, or could have had if he had survived·the injury." 8 Am. & Eng. Enc. Law, 859; Martin's Adm'r v. Railroad Co., 151 U. S. 673, 14 Sup. Ct. 533; The Oregon, 73 Fed. 850.

Some of the authorities cited give as a rule that:

"If the deceased in his lifetime did anything that would operate as a bar to the recovery by him of damages for personal injury, this will operate equally as a bar in an action by his personal representatives for his death."

I have no difficulty whatever in giving full assent to this rule, as stated; for I understand that the phrase "personal representative" of a deceased person means his executor or administrator, who, when suing in his representative capacity, stands in the place of the decedent, claiming such rights only as the law permits him to claim for the benefit of the decedent's estate. But it would be a perversion of the rule to apply it in a case like the one under consideration, in disregard of the elementary principles of the law of contracts. Such, I consider, would be the effect of permitting an agreement, to which the plaintiffs have not assented, to stand as a bar to a remedy for the injury which they allege. Demurrer sustained.