[No. 11337.   *En Banc.*   July 17, 1914.]

AUGUSTA HAGEMAN, *Appellant*, v. PUGET SOUND ELECTRIC RAILWAY, *Respondent.*[1]

CARRIERS — PASSENGERS — FREE PASSES — EMPLOYEES — CONTRACT RIGHTS. An employee riding on a free pass given as part of the consideration for her services, is a passenger for hire, and a clause exempting the carrier from liability for negligence is void as against public policy; while it would not be so if the pass were a pure gratuity.

SAME—FREE PASSES—WAIVER OF CONTRACT RIGHTS. An employee contracting for a free pass whenever desired, as part of the consideration for her services, whereby she would become a passenger for hire, may waive her contract rights, and does so, where, after the employment, her written application therefor and the pass both stipulated that the pass was a pure gratuity without any consideration (MAIN, GOSE, and ELLIS, JJ., dissenting).

Appeal from a judgment of the superior court for Pierce county, Card, J., entered May 10, 1913, dismissing an action for personal injuries, upon sustaining a demurrer to the complaint. Affirmed.

¹Reported in 141 Pac. 1027.

*Gordon & Easterday*, for appellant.

*J. A. Shackleford* and *F. D. Oakley*, for repondent.

Mount, J.—The trial court sustained a demurrer to the plaintiff's complaint in this action. The plaintiff elected to stand upon the allegations of the complaint, and the action was dismissed. This appeal is prosecuted from that judgment.

The complaint is for damages for personal injuries which occurred to the plaintiff while she was riding upon the defendant's train between Tacoma and Seattle. The complaint alleges that the plaintiff was in the employ of the defendant from the year 1907 to the time of her injuries. Paragraph four of the complaint is as follows:

"That, in the year 1907, and thereafter until the happening of the injury to the plaintiff hereinafter mentioned, the custom and practice existed between both of said corporations of granting so called free tickets or passes over their respective lines to the clerks and employees so engaged in working in said offices, upon their request therefor. That said so called free tickets or free passes issued by the defendant corporation, in pursuance of said general custom and practice, were all similar in form and contained alike the following printed stipulation designated 'Conditions,' namely:

" 'The person accepting this free ticket assumes all the risks of accident and expressly agrees, understands and acknowledges that this ticket is delivered to him or her as a pure gratuity and for no consideration whatsoever, and further expressly agrees that the company shall not be liable under any circumstances whether by negligence of its agents or otherwise, for injury to the person or for the loss of or injury to the property of the person using this ticket, and in no event will said person consider the company a common carrier or liable as such.

" 'This pass is not transferable and it will not be honored unless signed in ink and presented by the person for whom issued.

" 'I accept the above conditions.'

"And the custom and practice of the defendant corporation existing and obtaining in reference to the issuance of such ticket or pass, was for the clerk or other employee applying therefor, to sign a printed request in substantially the following form:

" 'Tacoma, Wn. (Date)

" 'To the Puget Sound Electric Railway,

" 'Gentlemen: I hereby request that you deliver to me a pass whereby I will be enabled to travel on your cars without the payment of fare.

" 'I expressly agree, understand and acknowledge that the delivery of such a pass to me is and will be a pure gratuity on your part, and supported by no consideration whatever, and that in accepting said pass I assume the risk of every injury to person or property sustained by me, howsoever caused, while riding upon cars controlled, owned or operated by you.        Yours very truly,' "

Paragraph seven of the complaint is as follows:

"That, at the time the plaintiff entered into the employ of said defendant corporation and the said Tacoma Railway & Power Company, as set forth in paragraph V hereof, the custom and practice of issuing said so called free tickets or free passes hereinbefore mentioned, was called to her attention and she was informed that if she accepted said employment she would be entitled to avail herself of such custom and practice, and would be entitled to transportation over defendant's line without other consideration than her services. But plaintiff was not at that time, nor prior to the time of her entering into said service, informed that the transportation to be thereafter issued to her would contain a stipulation exempting defendant from liability in case of accident or injury to her resulting from the negligence of said company, its agents, or servants; and plaintiff was not at that time, nor at any time prior to entering said service, informed that any conditions limiting liability attached to such transportation; and plaintiff was not at that time, nor at any time prior to entering said service informed that in order to secure transportation she would be required to execute a request substantially in the form set out in paragraph IV hereof, and exempting the defendant from liability for its negligence. And plaintiff alleges that the promise and

representation that if she accepted employment with the defendant she would be entitled to transportation over its lines upon request, without other consideration than her services, became and was a material part of the inducement for the entering into the contract of employment, and said representation and inducement became and were the representation and inducement of the defendant company to this plaintiff."

Paragraph eight is as follows:

"That thereafter, to wit, on or about the 26th day of November, 1910, and while plaintiff was in the employment of said defendant as hereinabove stated, plaintiff requested from the defendant transportation over the lines of said defendant company from said city of Tacoma to the said city of Seattle in King county, and thereupon, solely at the request and direction of the defendant, signed a printed form substantially in the language of the form set forth in paragraph IV of this complaint, and received from the defendant a so called pass or ticket in form substantially as that also set forth in paragraph IV hereof.

"Plaintiff alleges that notwithstanding the language of said request and application so made and signed by her, and notwithstanding the language and the so called conditions specified in the so called free ticket or pass so furnished to her by said defendant, said ticket and pass was so issued and delivered to her in virtue of her employment as hereinbefore stated and constituted a portion of the consideration for her services so rendered to the defendant company in virtue of her employment as hereinbefore stated."

The rest of the complaint has reference to the negligence of the company and the injury she received.

The question presented upon this appeal is whether, under the allegations of the complaint, the plaintiff was a passenger for hire, or was a gratuitous passenger.

In *Harris v. Puget Sound Elec. R.*, 52 Wash. 289, 100 Pac. 838, we quoted from the note found on page 557, 4 Am. & Eng. Ann. Cases, as follows:

" 'The decisions are not in harmony as to the effect to be given to a provision in a free pass exempting the carrier from liability for injuries caused by its negligence or that of

its servants. According to one view, such an exemption is contrary to public policy and not enforceable.'

"As sustaining this view a number of cases are cited, among them *Mobile & Ohio R. Co. v. Hopkins*, 41 Ala. 486, 94 Am. Dec. 607; *Rose v. Des Moines Valley R. Co.*, 39 Iowa 346; *Jacobus v. St. Paul etc. R. Co.*, 20 Minn. 125, 18 Am. Rep. 360, and other cases. The note then continues:

" 'In other jurisdictions the view is taken that there is no violation of law or public policy by an agreement on the part of the pass holder that the carrier shall not be liable for injuries caused to him by its negligence or that of its servants.'

"In support of this rule are cited a number of cases, among which are *Northern Pac. R. Co. v. Adams*, 192 U. S. 440, 24 Sup. Ct. 408, 48 L. Ed. 513; *Boering v. Chesapeake Beach R. Co.*, 193 U. S. 442, 24 Sup. Ct. 515, 48 L. Ed. 742; *Payne v. Terre Haute R. Co.*, 157 Ind. 616, 62 N. E. 472, 56 L. R. A. 472; *Rogers v. Kennebec Steamboat Co.*, 86 Me. 261, 29 Atl. 1069, 25 L. R. A. 491, and other cases. This court in *Muldoon v. Seattle City R. Co.*, 7 Wash. 528, 35 Pac. 422, 38 Am. St. 901, 22 L. R. A. 794, and 10 Wash. 311, 38 Pac. 955, 45 Am. St. 787, held to the last-named rule, where the pass was a mere gratuity. But in *Peterson v. Seattle Traction Co.*, 23 Wash. 615, 63 Pac. 539, 65 Pac. 543, 53 L. R. A. 586, at page 645, we said:

" 'But we expressly hold that if the respondent's transportation *constituted a portion of the consideration for his services*, he became a passenger for hire, just the same as anybody else who parts with anything of value for transportation.' "

It is plain, from the decision in the *Harris* case and from the cases therein cited, that this court has adopted the rule that where the transportation is a mere gratuity, the carrier is not responsible for injuries sustained by such passenger. But if the person injured is a passenger for hire, then the railway company is liable.

The complaint in this case alleges that, at the time the appellant was employed by the respondent, she was promised transportation as a part of the consideration for her services, and at that time she was not informed that it

would be necessary for her to enter into an agreement waiving damages if transportation were issued to her. But the complaint shows that later, when she applied for the transportation upon which she was riding when she was injured, she was informed that it would be necessary for her to sign such a stipulation. It is conceded in the complaint that she did sign the stipulation and agreed that the delivery of such pass to her would be a "pure gratuity on your part and supported by no consideration whatever," and that in accepting such pass she assumed the risk of injury to her person or property while riding upon the cars. And upon this express condition, the pass was issued.

If the employment was upon the terms as alleged in the complaint, it is plain she had a right to waive that agreement at any time thereafter; and it is also plain, from the allegations of the complaint, that she did waive it, after notice, at the time she signed the request for the pass. If, at the time she made the contract for her employment, the agreement was that she should have transportation whenever and wherever she desired, and that the consideration for such transportation was her employment, it was not necessary that she sign the application which she did sign. But, by signing the application, she thereby expressly agreed that the delivery of the pass to her was a pure gratuity and supported by no consideration whatever. This was a clear waiver of her prior contract and she was bound thereby, because she made a new contract at that time; and the contract of employment, if it was made as she alleged at the time she was employed, was, to that extent, waived. She was, therefore, under the allegations of her complaint, a mere gratuitous passenger, and the respondent was not liable to her for injuries caused by its negligence.

We are therefore of the opinion that the complaint fails to state a cause of action, and the judgment is affirmed.

CROW, C. J., CHADWICK, PARKER, and MORRIS, JJ., concur.

MAIN, J. (dissenting)—I am unable to agree with the conclusion reached in the majority opinion. If the facts are as alleged in the complaint—and for the purposes of this decision they must be conceded to be such—the plaintiff had earned, as a part of the consideration for her services, the transportation at the time she applied for it. If the transportation had been earned by the rendition of services, she stood in the same position as though she had parted with any other valuable consideration. This seems to be recognized in the prevailing opinion. But it is held that, notwithstanding this fact, at the time she applied for the transportation, the prior contract was waived, and the stipulation releasing the company from damages was binding. There are two reasons why the contract was not waived. The first is, if the transportation had been earned as a part of the consideration for the employment, her right thereto became unconditional, and an attempted waiver would be against public policy. In the *Harris* case, an excerpt from which is quoted in the majority opinion, after stating the general rule that, if the transportation constituted a portion of the consideration for the services, a person applying for it would be a passenger for hire, just the same as anybody else who parts with anything of value for transportation, it was said:

"It follows from this rule, and from the finding of the jury, that the transportation in this case was not a gratuity, but constituted a part consideration for the deceased's services; that the deceased was a passenger for hire and entitled to protection as such passenger, which public policy does not permit him to waive."

In the second place, if the transportation had been earned and the plaintiff's right thereto unconditional, there would be no consideration for the contract of waiver.

Whether the plaintiff can prove her allegations is foreign to the inquiry, since the case is here upon the sufficiency of the complaint.

ELLIS and GOSE, JJ., concur.