BERTIE S. O'BRIEN, joined by SIDNEY O'BRIEN, her husband, *Plaintiff in Error,* v. ATLANTIC COAST LINE RAILROAD COMPANY, a corporation, *Defendant in Error.*

Division B.

Opinion filed April 21, 1930.

844

*Evan Evans,* for Plaintiff in Error;

*Doggett & Doggett,* for Defendant in Error.

BUFORD, J.—The plaintiff in error sued the defendant in error for damages, the result of personal injuries alleged to have been caused by the negligence of the defendant while the plaintiff was a passenger on defendant's train. In addition to the plea of the general issue there were two special pleas, as follows:

"That at the time Bertie S. O'Brien received the injuries as alleged, she was riding in the said train of the defendant under and by virtue of a free ticket lawfully issued to her as the wife of Sidney O'Brien, who was an employee of the Florida East Coast Railway Company; that said free ticket contained an express stipulation that upon the acceptance and use of said free ticket the said Bertie S. O'Brien agreed that the Atlantic Coast Line Railroad Company would not be liable under any circumstances, whether of negligence of agents or otherwise, for any injury to the person or for any loss or damage to the property of said Bertie S. O'Brien, which said free ticket the said Bertie S. O'Brien signed and accepted and was traveling on and using the same as the sole means of her transportation at the time she received her alleged injuries.

"That at the time the said Bertie S. O'Brien received the injuries as alleged she was a passenger on the defendant's train by virtue of the acceptance and use

of a free pass lawfully issued to her as the wife of an employee of the Florida East Coast Railway Company, which said free pass contained express provision releasing this defendant from any liability of negligence for any injury to the person of the said Bertie S. O'Brien.''

A demurrer to the special plea was overruled. Then plaintiff filed a replication, as follows:

''Comes now the plaintiffs in the above entitled cause, by their attorney, and for replication to defendant's second and third pleas, severally, admit, subject to their demurrer to said pleas and to all objection and right of objection that they have or may have to the legal sufficiency of said pleas, the truth of the facts set forth and alleged in each and every of said pleas.''

The defendant filed motion for entry of final judgment upon the pleadings which was granted and judgment was entered in favor of the defendant.

Writ of error was sued out:

There were four assignments of error, as follows:

''1. The court erred in its order and decision overruling plaintiff's demurrer to defendant's second plea.

''2. The court erred in its order and decision overruling the plaintiffs' demurrer to defendant's third plea.

''3. The court severally erred in its order and decision overruling plaintiffs' demurrer to defendant's second and third pleas severally.

''4. The court erred in entering final judgment for the defendant.''

The assignments of error present one question and that question is whether or not a common carrier may contract with an individual to gratuitously carry such individual over its line provided the individual will assume all risks of injury from negligence of the carrier or its servants or otherwise, and thereby avoid its liability as a common carrier of passengers for hire insofar as the transportation of the person who accepts the gratuitous ticket or pass is concerned.

The pleadings make clear the issue to be determined. The facts are, as shown from the pleadings, that the railroad company issued a free pass to Mrs. Bertie S. O'Brien under certain conditions thereon expressed and that the donee of such pass accepted the conditions under which the free pass was issued and signed such acceptance and by this agreement she agreed that ''the Atlantic Coast Line Railroad Company would not be liable under any circumstances, whether of negligence of its agents, or otherwise, for any injury to the person, etc.'' and while being transported under the terms and conditions of this pass in a regular passenger car of the donor she was injured by the alleged negligence of the servants of the donor in the operation of its train.

In a few states, that is Arkansas, Minnesota and Texas, it has been held that a common carrier of passengers cannot by contract relieve itself from the responsibility or even limit its liability for injuries to a passenger resulting from the negligence of itself, or its employees, or agents, in the scope of their employment, even where the passenger is traveling free of charge and on a pass stipulating that the passenger assumes all such risks and that the carrier should not be liable.

There is conflict in the decisions of the courts of this country where there is some element of consideration for

the pass, for instance, in cases where a so-called free pass is issued to drovers traveling to take care of livestock being shipped over the line of the common carrier and in the case of other representatives of shippers of perishable or other goods which require the attention enroute of some person particularly interested in the welfare of such goods, and in cases where such so-called free pass is issued to an employee or a dependent member of the family of a employee, or to express messengers or to other persons whose business and occupation is participated in by the railroad company, and in whose traveling upon the line of the carrier is of some interest to the carrier. The holdings, however, in those cases are not to be considered as applicable in a case like the one at bar. The conditions are different. In those cases there is some consideration alleged to flow to the carrier, while in this case the transportation was furnished free of all costs and without any duty resting upon the carrier to furnish such transportation and without any duty resting upon the donee to accept such free transportation or the terms thereof.

The declaration in this case does not attempt to allege any willful overt act on the part of the carrier, or on the part of its agents, servants or employees, resulting in the injury complained of.

In Northern Pacific R. Co. v. Adams, 48 Law Ed. 513, in an opinion by Mr. Justice Brewer, the Supreme Court of the United States say:

"This question has received the consideration of many courts, and been answered in different and opposing ways. We shall not attempt to review the cases in state courts. Among those which hold that the company is not responsible may be mentioned Rogers v. Kennebec S. B. Co. 86 Me. 261, 25 L. R. A. 491, 29 Atl. R. 1069; Quimby v. Boston & M. R. Co., 150

Mass. 365, 5 L. R. A. 846, 23 N. E. R. 205; Griswold v. New York & N. E. R. Co., 53 Conn. 371, 55 Am. R. 115, 4 Atl. R. 261; Kinney v. Central R. Co., 34 N. J. L. 513, 3 Am. R. 265; Payne v. Terre Haute & I. R. Co., 157 Ind. 616, 56 L. R. A. 472, 62 N. E. R. 472; Muldoon v. Seattle City R. Co., 7 Wash. 528, 22 L. R. A. 794, 35 Pac. R. 422, 10 Wash. 311, 38 Pac. R. 995. This last case was decided by the Supreme Court of the State, in which the Federal Court rendering the judgment in controversy was held. The English decisions are to the same effect. McCawley v. Furness R. Co. L. R. 8. Q. B. 57; Hall v. North Eastern R. Co. L. R. 10 Q. B. 437; Duff v. Great Northern R. Co. Ir. L. R. 4 C. L. 178; Alexander v. Toronto & N. R. Co. 33 U. C. Q. B. 474. Among those holding that the company is responsible are:

"Rose v. Des Moines Valley R. Co., 39 Iowa 246, though that case is rested partially on a state statute; Pennsylvania R. Co. v. Butler, 57 Pa. 335; Mobile & O. R. Co. v. Hopkins, 41 Ala. 486, 94 Am. Dec. 607; Gulf C. & S. F. R. Co. v. McGown, 65 Tex. 640."

And after discussing other cases, the court concludes as follows:

"In the light of this decision but one answer can be made to the question. The railway company was not, as to Adams, a carrier for hire. It waived its right as a common carrier to exact compensation. It offered him the privilege of riding in its coaches without charge if he would assume the risks of negligence. He was not in the power of the company and obliged to accept its terms. They stood on an equal footing. If he had desired to hold it to its common-law obligations to him as a passenger, he could have paid his

fare and compelled the company to receive and carry him. He freely and voluntarily chose to accept the privilege offered; and, having accepted that privilege cannot repudiate the conditions. It was not a benevolent association, but doing a railroad business for profit; and free passengers are not so many as to induce negligence on its part. So far as the element of contract controls, it was a contract which neither party was bound to enter into, and yet one which each was at liberty to make, and no public policy was violated thereby.''

This appears to be a clear enunciation of the principles of law which should govern in such cases and it is supported by the weight of authority of the state courts of this country, as well as by other Federal decisions. See Kansas City Sou. Ry. Co. v. Van Zant, 67 L. Ed. 348; Griswold v. N. Y. & N. E. Ry. Co., 53 Conn. 371, 55 Am. R. 115; Quimby v. Boston & M. R. Co., 5 L. R. A. 846; Muldoon v. Seattle City R. Co., 22 L. R. A. 794; Rogers v. Kennebec S. B. Co., 25 L. R. A. 491; Payne v. Terre Haute & Ind. R. Co., 157 Ind. 616, 56 L. R. A. 472; Wilder v. Penn. R. R. Co., 156 N. E. R. 88; Kinell v. St. Louis & San Francisco R. Co., 163 So. W. R. 182; Brooks v. Bugg, 131 So. E. R. 565; Alexander v. St. Louis-San Francisco R. Co., 2nd So. W. R. (2nd Ed.) 165; Bush v. Bremner, 29 Fed. R. (2nd Series) 844; Gulf & S. I. R. Co. v. Sullivan, 119 So. R. 501; Foster v. Sou. Ry. Co., 146 So. W. R. 516.

We now approve that enunciation of the law which holds that a common carrier may, when not prohibited by law, waive its legal rights as a carrier for hire and carry a passenger without charge or compensation and as a mere gratuity and may demand as a condition precedent to the granting of such free transportation to such passenger a contract and agreement from such passenger whereby the

passenger relieves the carrier from any liability for damage accruing to the passenger by reason of the negligence of the carrier, its servants, agents or employees and that when when such contract and agreement shall have been entered into between the carrier and the passenger, and the passenger accepts the transportation from the carrier under such terms and is injured by the mere negligent operation of the means of carriage by the carrier, its servants, agents or employees, no liability attaches to the carrier to respond in damages for such injury to such passenger.

It appears to us that common justice demands the application of this rule. It is known that there exists a certain amount of hazard in traveling by common carrier, or otherwise, and if a person who wishes to make a journey says to the carrier: "I desire to ride on your conveyance but I do not wish to pay for such privilege and if you will allow me to ride without pay I will release you from all liability for any injury that may occur to me by reason of the negligence of yourself, your servants, agents or employees, while I am making such journey on your conveyance," and the carrier agrees to this condition, the person accepting and receiving the benefits of gratuitous transportation under such agreement should not be heard to say: "I made the agreement; I received the transportation, but because misfortune occurred by the way I will not stand by my agreement, but will require the carrier to compensate me for injuries received by such misfortune."

We can imagine no public policy which will require the courts to recognize the right of one person to violate a mutual, lawful contract which he has made with another for a valuable consideration because of the occurrence of a condition which was recognized as a possible eventuality by the very terms of the contract. We think that to do so would be to approve fraud and unfair dealing.

The judgment appealed from should be affirmed and it is so ordered. .

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J. AND ELLIS AND BROWN, J. J. concur in the opinion and judgment.